1
2
3
4
5
6
7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ISMAIL MORA,                                    No.  2:23-CV-0155-DJC-DMC-P

12                    Plaintiff,

13            v.                                       FINDINGS AND RECOMMENDATIONS

14    CHRISTOPHER DESIMONE, et al.,

15                    Defendants.

16

17            Petitioner, a prisoner proceeding pro se, brings this civil rights action under 42

18    U.S.C. §1983.  Pending before the Court is Defendant Overby's motion for judgment on the

19    pleadings.  ECF No. 30.  Defendant Overby argues that he should be dismissed as a defendant to

20    this action under the favorable termination rule of Heck v. Humphrey.  Plaintiff filed a statement

21    of non-opposition.  ECF No. 31.

22            Motions for judgment on the pleadings under Rule 12(c) are similar to motions

23    under Rule 12(b) in that judgment on the pleadings is appropriate if ". . . it is clear that no relief

24    could be granted under any set of facts that could be proven consistent with the allegations."

25    McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988).  Rather than testing

26    whether the factual allegations state a claim, motions under Rule 12(c) test whether, even if all

27    the facts alleged in the complaint can be proved, defendants are nonetheless entitled to judgment

28    as a matter of law.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542,

                                                     1

1  1550 (9th Cir. 1989).  All non-conclusory factual allegations in the complaint must be assumed to

2  be true.  See Austad v. United States, 386 F.2d 147, 149 (9th Cir. 1967); see also McGlinchy, 845

3  F.2d at 810.

4

5  **I. BACKGROUND**

6       A.    **Plaintiff's Allegations**

7         Plaintiff Ismail Mora filed a prisoner civil rights complaint under 42 U.S.C. § 1983

8  on January 24, 2023.  See ECF No. 1 at 1.  The action proceeds on the original complaint.[1]

9  Plaintiff names the following as defendants: (1) Christopher Desimone, correctional officer; (2)

10  Frank Neri, correctional officer; and (3) Shawn Overby, correctional officer.  See id. at 2.

11         Plaintiff alleges that on April 14, 2022, Defendant Desimone assaulted Plaintiff

12  when he walked over to Plaintiff and swung his fist multiple times.  Id. at 3.  Plaintiff tried to

13  defend himself, and so Defendant Neri jumped in and began punching Plaintiff.  Id.  Both

14  defendants took Plaintiff to the ground and continued to assault Plaintiff with their fists.  Id.

15  Defendant Overby approached Plaintiff and hit him while he was defenseless with his hands

16  behind his back.  Id.  Plaintiff claims the alleged assault happened at New Folsom in Sacramento,

17  California.  Id. at 2.  Plaintiff alleges that Defendants falsified reports, which hurt Plaintiff's life

18  (sic).  Id. at 3.

19         Plaintiff requests relief from the Court for injury compensation, which includes

20  any mental health treatment.  Id.  Plaintiff claims chipped teeth and mental health issues from the

21  alleged assault.  Id.  Plaintiff is asking for $10,000 for pain and suffering, $75,000 for punitive

22  damages, $250,000 for mental anguish, and $250,000 for future medical bills.  Id.  In total,

23  Plaintiff is requesting $585,000.  Id.

24  / / /

25  / / /

26  / / /

27  _____

28      [1]   By separate order issued herewith, the Court denies Plaintiff's motion for leave to file a first amended complaint to increase the amount of monetary damages sought in this case.

1    **B.**    **State Court Proceedings**

2    Defendant Overby requests this Court take judicial notice of Sacramento County

3    Superior Court criminal case records from <u>People v. Ismail Mora,</u> Case No. 22FE015252.  <u>See</u>

4    ECF No. 30-1.  Under Federal Rule of Evidence 201, a court may "judicially notice a fact that is

5    not subject to reasonable dispute because it: (1) is generally known within the trial court's

6    territorial jurisdiction; or (2) can be accurately and readily determined from sources whose

7    accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  A court may "take judicial

8    notice of court filings and other matter of public record." <u>Reyn's Pasta Bella, LLC v. Visa USA,</u>

9    <u>Inc.</u>, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

10    The undersigned recommends that the Court take judicial notice of the state court

11    filings attached to Defendant Overby's motion.  Plaintiff was charged criminally in state court

12    with battery on peace officers, Overby, Desimone, and Neri. The certified transcript of Plaintiff's

13    plea shows that on May 12, 2023, Plaintiff pleaded guilty to violation of California Penal Code

14    Section 69 in that he resisted and obstructed an officer.  ECF No. 30-1 at 16.  Specifically,

15    Plaintiff admitted that he resisted and obstructed Officer Overby on April 14, 2022.  <u>Id.</u>  The

16    remaining criminal charges against Plaintiff related to the other defendants in this action were

17    dismissed.  <u>Id.</u> at 20.

18

19    **III.  DISCUSSION**

20    Defendant Overby argues that, in light of Plaintiff's state court criminal conviction

21    which occurred after the complaint in this action was filed, Plaintiff's claim against him is barred

22    under the favorable termination rule of <u>Heck v. Humphrey.</u>  The Court agrees.

23    When a state prisoner challenges the legality of his custody and the relief he seeks

24    is a determination that he is entitled to an earlier or immediate release, such a challenge is not

25    cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ

26    of habeas corpus.  <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>see also</u> <u>Neal v. Shimoda</u>,

27    131 F.3d 818, 824 (9th Cir. 1997); <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir.

28    1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief

1   alleges constitutional violations which would necessarily imply the invalidity of a criminal

2   conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or

3   sentence has first been invalidated on appeal, by habeas petition, or through some similar

4   proceeding. See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim

5   not cognizable because allegations were akin to malicious prosecution action which includes as

6   an element a finding that the criminal proceeding was concluded in plaintiff's favor). "If a

7   criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the

8   unlawful behavior for which section 1983 damages are sought, the 1983 action must be

9   dismissed." Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (explaining Heck v. Humphrey,

10  512 U.S. 477, 483-84 (1994)).

11          Plaintiff alleges that he was unjustifiably assaulted by Defendant Overby.  ECF

12  No. 1 at 3.  Such an allegation is inconsistent with his criminal conviction for resisting and

13  obstructing Defendant Overby.  Plaintiff is essentially alleging that his actions resisting and

14  obstructing were justified by Defendant Overby's unwarranted assault, a claim that would

15  invalidate his criminal conviction.  Because success in this action would invalidate his criminal

16  conviction as to Overby, and because that conviction has not been invalidated, overturned, or

17  otherwise set aside, Plaintiff's claim against Defendant Overby is barred.  Given Plaintiff's

18  statement of non-opposition to Defendant Overby's motion, Plaintiff agrees.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

4

1

## IV. CONCLUSION

2          Based on the foregoing, the undersigned recommend as follows:

3          1.      Defendant Overby's request for judicial notice, ECF No. 30-1, be

4    GRANTED.

5          2.      Defendant Overby's motion for judgment on the pleadings, ECF No. 30, be

6    GRANTED.

7          3.      Defendant Overby be DISMISSED as a defendant to this action, with

8    prejudice.

9          These findings and recommendations are submitted to the United States District

10   Judge assigned to the case, pursuant to 28 U.S.C. § 636(b)(l) provisions.  Within 14 days after

11   being served with these findings and recommendations, any party may file written objections with

12   the Court.  Responses to objections shall be filed within 14 days after service of objections.

13   Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

14   Ylst, 951 F.2d 1153 (9th Cir. 1991).

15

16   Dated:  February 16, 2024

17                                                DENNIS M. COTA
18                                                UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28

5