IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAIL MORA, | No. 2:23-CV-0155-DJC-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| CHRISTOPHER DESIMONE, et al., | |
| Defendants. | |

Petitioner, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. §1983. Pending before the Court is Plaintiff's motion for leave to amend. See ECF No. 35. Defendants have filed an opposition. See ECF No. 38.

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading once as a matter of course within 21 days of serving the pleading or, if the pleading is one to which a responsive pleading is required, within 21 days after service of the responsive pleading, see Fed. R. Civ. P. 15(a)(1)(A), or within 21 days after service of a motion under Rule 12(b), (e), or (f) of the rules, whichever time is earlier, see Fed. R. Civ. P. 15(a)(1)(B). In all other situations, a party's pleadings may only be amended upon leave of court or stipulation of all the parties. See Fed. R. Civ. P. 15(a)(2). Where leave of court to amend is required and sought, the court considers the following factors: (1) whether there is a reasonable relationship between the original and amended pleadings; (2) whether the grant of leave to amend is in the interest of

judicial economy and will promote the speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original claim; and (5) whether the opposing party will be prejudiced by amendment. See Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990). Leave to amend should be denied where the proposed amendment is frivolous. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Here, because Plaintiff's motion for leave to amend was filed more than 21 days after Defendants served their answer, leave to amend is required. In his motion, Plaintiff states: "Since the initial date of filing, circumstances have changed in regards to injury and relief." ECF No. 35. Plaintiff seeks to file an amended complaint which maintains the same factual allegations, but which increases the amount of damages sought to $25,000,000. See id. Plaintiff does not, however, explain what those circumstances are or when they occurred, and Plaintiff otherwise makes no showing as to why he could not have sought leave to amend sooner. Further, given that a scheduling and discovery order has been issued with a fast-approaching discovery cut-off date of February 26, 2024, allowing leave to amend at this stage of the proceedings merely to increase the amount of damages sought would result in prejudice to Defendants, as well as an undue delay of resolution of this case on the merits.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for leave to amend, ECF No. 35, is DENIED.

Dated: February 16, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE